**FILED**

JAN 1 1 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TEREBEA JEAN WILLIAMS,
          Petitioner,

v.                                          CIV.S- 05-0058 LKK KJM ·P

DEBRA JACQUEZ, as Warden of
Central California Women's Facility
State Prison,
          Respondent.

_____

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

**TEREBEA JEAN WILLIAMS, W#91512
In Pro Per**
513/30/Low
Central California Women's Facility, State Prison
Post Office Box 1508
Chowchilla, Caifornia 93610-1508

1   **TEREBEA JEAN WILLIAMS, W#91512**
    **In Pro Per**
2   513/30/Low
    Central California Women's Facility, State Prison
3   Post Office Box 1508
    Chowchilla, California 93610-1508
4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**
9
                     **EASTERN DISTRICT OF CALIFORNIA**
10

11

12

13   TEREBEA JEAN WILLIAMS,          )         **PETITION FOR WRIT OF HABEAS**
14        Petitioner,                )         **CORPUS BY A PERSON IN STATE**
                                     )         **CUSTODY**
15                                    )
     v.                              )
16                                    )
                                     )
17   DEBRA JACQUEZ, as Warden of      )
     Central California Women's Facility )
18   State Prison,                    )
          Respondent.                )
19                                    )
                                     )
20   _____ )

21

22        COMES NOW Petitioner TEREBEA JEAN WILLIAMS, IN PRO PER, and alleges as

23   follows:

24

25

26

27

28

## PETITION FOR WRIT OF HABEAS CORPUS
## REQUEST FOR APPOINTMENT OF COUNSEL

COMES NOW Petitioner Terebea Jean Williams and alleges as follows:

Petitioner Terebea Jean Williams is denied her freedom and is incarcerated within the cold stone and hardened-steel cells at Central California Women's facility State Prison, in Chowchilla, California. Respondent Debra Jacquez is the Warden of Central California Women's Facility State Prison.

Petitioner entered a plea of not guilty and was wrongfully convicted by jury trial in Yolo County Superior Court, case number 98-1508, the Honorable William S. Lebov presiding. The conviction was for violation of Penal Code section 187, first degree murder, kidnapping, carjacking and enhancements pursuant to Penal Code sections 12022.5 and 12022.53 for the use of a firearm and discharge thereof causing great bodily injury. Petitioner was sentenced to 84 years to life in prison on July 31, 2001 and is currently serving that term.

Petitioner filed a direct appeal from the wrongful conviction to the Third District Court of Appeals, Sacramento, California in case number C039442; they rendered their opinion on May 20, 2003; petition for rehearing was denied. Review was sought and denied in the California Supreme Court, and the United States Supreme Court denied the writ of certiorari on January 12, 2004. Petitioner has filed no other writs or appeals other than those just mentioned.

Petitioner's convictions have been unlawfully and unconstitutionally imposed in violation of her federal constitutional rights as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Following conviction and sentence, on direct appeal, Petitioner's opening brief and supplemental brief presented the following arguments:

1. The Court's exclusion of evidence concerning appellant's (petitioner's) history of abuse by others and exclusion of an expert's opinion that appellant suffered from post traumatic stress syndrome violated appellant's constitutional right to present a defense.

2. The Court erred in instructing the jury on motive in response to the jury's question concerning mental state, and in refusing appellant's (petitioner's) requested instruction on necessity.

1

3. The Court committed prejudicial error in denying defendant's (petitioner's) requested instruction pinpointing her theory of defense.

4. The Court erred in allowing Dr. Sean Johnston to testify as an expert on Battered Woman Syndrome, and in allowing him to testify that it was still a controversial subject.

5. The court erred in failing to suppress appellant's (petitioner's) confession, for it was obtained after she repeatedly asserted her Fifth Amendment privilege against self-incrimination.

6. The Court erred in allowing the people to introduce evidence of the victim's good character, and in precluding character evidence offered by the defense.

7. Appellant (petitioner) was deprived of her constitutional right to assistance of counsel when the court suddenly restricted defense counsel from completing his argument to the jury.

8. In closing, appellant (petitioner) argued that, even if standing alone, the errors urged in the foregoing arguments do not warrant a reversal, the cumulative effect of the foregoing errors deprived appellant of a fair trial and her Constitutional right to Due Process of Law.

The Court of Appeal ruled that the trial court's in limine ruling on Post Traumatic Stress Disorder was unduly restrictive. It further ruled that the trial court abused its discretion in excluding the diagnosis of PTSD and related custody. The Court of Appeal then erroneously ruled that the appellant (petitioner) did not suffer prejudice of constitutional dimension. This is contrary to long-standing settled Federal Constitutional precedent; McNeil v. Middleton (9th Cir.,2003)344 F.3d 988; Crane v. Kentucky 476 U.S. 683, 690 (1986).

The Court of Appeal stated that "The defense theory that defendant was laboring under a disabling psychological condition simply did not square with the facts showing a callous, even premeditated, murder and robbery." The jury did not reach a verdict on a theory of premeditation, and defendant (petitioner) was acquitted of all robbery allegations. All other appeal grounds were denied outright.

Petitioner has not yet had an opportunity for full factual development through adequate funding, investigation, discovery, access to this Courts subpoena power, and an evidentiary hearing, the full evidence in support of the claims which follow is not presently available. Nonetheless, the evidence obtained to date, set forth below, adequately supports each of Petitioner's claims and

2

1  justifies an evidentiary hearing and relief. Due to the lack of an opportunity fo fully investigate and
2  to present additional facts in support of Petitioner's claims and potential claims, Petitioner asks for
3  leave to supplement this Petition when she has had the opportunity to thoroughly investigate all such
4  additional facts.

5      Petitioner's convictions and sentence were entered in violation of rights guaranteed by the
6  United States Constitution for the following claims not brought by appellate counsel Corinne S.
7  Shulman:

8  A.    PRE-PRELIMINARY HEARING ISSUES

9      1.  Prosecutorial Misconduct/Malicious Prosecution, purposeful or negligent withholding
10  of discovery. Defendant(petitioner) was prejudiced and denied effective assistance of
11  counsel due to the prosecution failing to timely provide discovery.

12      2.  Denial in part of defendant's(petitioner's) Motions for Discovery, heard on April 6,
13  1998. Defendant(petitioner) was prejudiced and denied effective assistance of counsel
14  because the Court failed to grant defendant's Motions for Discovery in their entirety, the
15  prosecution having filed no timely opposition.

16      3.  Prosecutorial Misconduct/Malicious Prosecution, purposeful or negligent withholding
17  of discovery. Defendant (petitioner) was prejudiced and denied effective assistance of
18  counsel due to the prosecution purposefully or negligently withholding discovery and failing
19  to comply with the Court's Discovery Order of April 6, 1998.

20      4.  Denial of defendant's (petitioner's) Motion to Continue (Preliminary) hearing filed
21  on or about June 22, 1998. Defendant (petitioner) was prejudiced and denied effective
22  assistance of counsel when the court denied her Motion to Continue the Preliminary Hearing
23  and required that the hearing proceed despite the prosecutor's late discovery, or failure to
24  discover, evidence and information essential to adequate preparation for the hearing.

25  B.    PRELIMINARY HEARING ISSUES

26      1.      Defendant (petitioner) was improperly held to answer to all charges and
27  enhancements where insufficient evidence was presented for a holding order. There was no
28  showing of malice aforethought to support a finding of a deliberate and intentional killing,

3

and there was insufficient evidence to establish that a killing occurred during the commission of any felony. No evidence was adduced to show a concurrence of criminal act and intent. The corpus of each allegation was not proven absent her statement.

2.     The court lacked jurisdiction to hold defendant (petitioner) to answer when the acts alleged occurred outside the state of California. The court lacked jurisdiction to hold defendant (petitioner) to answer to alleged enhancements for use of a weapon when no evidence of such use in the state of California was presented.

3.     The Death Certificate was improperly admitted to ostensibly prove cause of death when this and other items admitted were inadmissible and/or unreliable hearsay.

C.   POST-PRELIMINARY HEARING ISSUES

1. The District Attorney failed to timely certify the record, or to ever properly certify the record of municipal court proceedings.

2. The Court improperly "reset" or continued defendant's (petitioner's) trial ostensibly due to a conflict with another trial ("Marcus"), without a formal motion, or good cause, on or about April 27, 1999, and again on August 16, 1999.

3. The Court improperly denied defendant's (petitioner's) Notice and Motion to Suppress Evidence, Penal Code Section 1538.5 filed July 10, 2000, closing brief filed January 22, 2001.

4.     The Court improperly denied defendant's (petitioner's) "Notice and Motion to Traverse\Quash the Search Warrant #SW-98-22 Issued February 28, 1998, Theodor v. Superior Court" filed July 10, 2000.

5. The Court improperly allowed the amendment of the Information on the eve of trial on or about July 10, 2000, and July 21, 2000, without leave of the Court, without prior notice to the defendant (petitioner). This ruling was based in part on false representations of material facts and law by the District Attorney, and without a prior finding that probable cause existed for the added charges. No probable cause existed for the added charges, nor was proper "notice" given by way of proof of the added allegations at the preliminary examination.

4

6. The Court improperly denied defendant's (petitioner's) Notice and Demurrer to the First Amended Pleading filed on or about September 22, 2000.

7. The Court improperly denied defendant's (petitioner's) Notice of Motion and Motion to Set Aside First Amended Information; Penal Code Sections 995(a)(2)(A), and 995(a)(2)(B), filed on or about September 22, 2000.

8. The Court improperly denied defendant's (petitioner's)"Notice of Motion and Motion to Strike First Amended Information Filed July 21, 2000, Penal Code Section 1009; And Because Obtained By False Representations to the Court" which motion was filed September 22, 2000.

9. The Court improperly denied defendant's (petitioner's) Notice of Motion and Motion to Suppress All Statements (Miranda V. Arizona) filed September 22, 2000, Supplemental Points and Authorities filed April 11, 2001.

10. The Court failed to exercise its independent judgment as to whether probable cause existed to support added allegations in the amended Informations, made the probable cause rulings untimely, and only after the issue was returned from another court after defendant (petitioner) filed her "Notice and Motion to Remove Issues From the Court Assigned for Penal Code Section 995 Issues to the Trial Court/Magistrate; Penal Code Section 1009", (Filed on March 14, 2001).

11.     The Court improperly denied defendant's (petitioner's) Motion to Suppress Evidence, Penal Code Section 1538.5, Motion filed July 10, 2000, evidentiary hearing held October 10, 11, 12, 2000, and ruling entered January 29, 2001. The Court improperly refused to reopen the Motion pursuant to Penal Code section 1538.5 during trial. Defendant (petitioner) requested the additional ruling when the District Attorney first provided evidence inconsistent with that presented at the hearing on October 10-12, 2000, and when the police officers' testimony at trial was inconsistent with that at the hearing on the motion. This included but was not limited to one officer's indication that his testimony at the hearing had been incorrect.

12.     The Court improperly denied defendant's (petitioner's)"Notice and Motion to

5

Quash/Traverse the Search Warrant #SW-98-22 Issued February 28, 1998, Theodor v. Superior Court". Said motion was filed July 10, 2000, the Quash Motion denied March 21, 2001, and the Traverse Motion denied April 3, 2001.

D. PRE-TRIAL ISSUES

1. The Court improperly denied defendant's (petitioner's) In Limine Motion Number (2) "To Preclude Evidence of Hearsay Statements Attributed to the Defendant (petitioner) by Correctional Officer R. Postell, Evidence Code Sections 800, 1200, 352; Penal Code section632(d)".

2. The Court improperly denied or denied in part defendant's (petitioner's) In Limine Motion Number (7) "To Limit Testimony of Friends and Family Members of the Decedent Concerning Statements Allegedly Made by Decedent; Evidence Code Section 1200, 352". The Court improperly allowed unreliable hearsay statements attributed to decedent at trial.

3. The Court improperly denied defendant's (petitioner's) In Limine Motion Number (8) "To Exclude Autopsy Photos of the Victim, and Photographs of Defendant's Nude Body; Evidence Code Section 352." Photographs of decedent's body were allowed introduced where they had little or no evidentiary value, but would clearly incite the jury, and photographs of defendant's (petitioner's) nude body were allowed where there was no evidentiary value, and where defendant offered to stipulate to the only proffered evidentiary issue.

4. The Court failed to sanction the District Attorney, or otherwise require an actual witness list after defendant (petitioner) complained the prosecution's witness list was actually a "sham list", and the District Attorney admitted she had no intention of calling a large portion of the people on the list, nor did she do so at trial.

5. The Court improperly ordered the defense to turn over, before trial, to the prosecution raw data of tests which formed the basis for the expert, Dr. Linda Barnard's, opinion. The Court improperly ordered the defense to turn over, before trial, the expert's raw notes of statements of defendant, whether or not they were the basis for her opinion, or for the limited portion of her opinion that was allowed admitted by the court. Defendant (petitioner) asserted that

6

disclosure of such statements was in violation of the 5th Amendment of the United States Constitution, and California Constitutional and caselaw authority. The Court further improperly ruled that these statements could be used for impeachment of Dr. Barnard and the defendant (petitioner).

6.   The Court improperly excluded evidence of Post-Traumatic Stress Syndrome, and improperly ordered that it could not serve as the basis, or partial basis, for the expert opinion of Dr. Linda Barnard. This was despite defendant's (petitioner's) showing that Battered Woman's Syndrome was a form of Post-Traumatic Stress, that Post-Traumatic Stress is admissible as relevant to defendant's (petitioner's) mental state regardless of Battered Woman's Syndrome, and that Dr. Barnard's report included a finding of PST and BWS and that the Battered Woman's Syndrome was the product of the cumulative effect of childhood and adult traumas.

7.   The Court improperly excluded evidence of childhood traumas, prior rapes of the defendant (petitioner), and prior acts of violence against her by dominant males, effectively depriving defendant (petitioner) of the opportunity to present a valid basis for the opinion of Dr. Barnard. These included but were not limited to: molest of the defendant (petitioner) at childhood by a female which have caused flashbacks, auditory hallucinations, and affected her reactions to further acts of violence including those perpetrated by the decedent; presence while her mother was repeatedly subjected to severe domestic violence by dominant males; neglect and physical abuse by defendant's (petitioner's) mother, including beatings and whippings with a belt, hanging her and her brother from clothes hooks; a rape at age eleven, a gang-rape at age thirteen, both of which caused flashbacks when defendant (petitioner) was subjected to "rough sex"/rape by decedent, was the basis for the break-up, and which was specifically raised by decedent during the altercation which led to his death. The Court further improperly ordered that the two occasions of "rough-sex"/rape by decedent of the defendant (petitioner) could not serve as a basis for Dr. Barnard's conclusion that defendant (petitioner) was suffering from Battered Woman's Syndrome.

8. The Court improperly excluded evidence of prior convictions of decedent for forgery, two

7

1     separate convictions for drug possession/transportation in California, and theft; for any

2     purpose including impeachment as to statements attributed to decedent.

3     9. The Court improperly excluded evidence of the facts of the decedent's prior robbery

4     conviction. The Court originally ruled that such evidence would be admissible, but reversed

5     itself during trial and eliminated the right to call testimony of tellers at the bank, arresting

6     officers, or co-defendants of decedent. This was done without a timely motion for

7     reconsideration, and apparently as a time-saving measure, to meet an unrealistic trial

8     deadline imposed by the court.

9     10. The Court improperly excluded the testimony of Cheryl Hill, Dorothy Love, and

10     severely limited the scope of the testimony of Eugene Jiggetts and Greta Jiggetts.

11   E.   TRIAL ISSUES

12     Defendant (petitioner) contends that she was deprived of a fair trial, and improperly deprived

13     of a defense at trial by rulings and actions of the Court which include but are not limited to

14     the following:

15     1. The Court improperly limited voir dire, and by its actions tainted the jury pool in a

16     number of ways including but not limited to: calling in three potential jurors and berating

17     them for being late when they had apparently valid reasons when all were minority members

18     of the pool, two Hispanic and one being the sole African American, defendant (petitioner)

19     is African American; improperly promising the conclusion of trial on a set date, which

20     apparently included pre-judging granting a continuance request during the middle of trial by

21     the District Attorney so that she could go on a cruise. Said actions eventually led to the

22     improper excusing of two jurors when the deliberations went beyond the Court's "deadline".

23     2. The District Attorney was allowed to make improper comments during her opening

24     statement, including but not limited to: comments about decedent's character where she had

25     no intention of presenting evidence thereof and defendant (petitioner) was thereafter

26     improperly precluded from presenting evidence of negative character; a smiling photograph

27     of decedent projected on a large screen to the jury during the argument, when the photo had

28     not been admitted and the People never submitted the photo into evidence or laid any

8

1  foundation for its admittance.

2  3.    Ongoing and increasingly numerous improper denials of evidentiary objections by

3  defense counsel evidencing an apparent bias against the defense by the Court.

4  4.    Improper denial of defendant's (petitioner's) Motion to Recuse the District Attorney.

5  5.    Improper questioning of defendant's (petitioner's) Aunt, Cheryl Hill, and her best friend

6  Alethea Jones, and indicating to them that he believed them to be untruthful in their answer

7  without evidence to support this conclusion, in an improperly called hearing to exclude them

8  from the courtroom. This was done during defendant's (petitioner's) testimony and caused

9  her severe distress and affected the remainder of her testimony.  Her Aunt, and only family

10  member able to attend her trial, was distressed so much by the berating that she refused to

11  return to the courtroom and defendant's (petitioner's) trial was for a period before members

12  of decedent's family only.

13  6.  The court improperly allowed the District Attorney to argue alternative theories of

14  homicide, including ones that were factually inconsistent, and by this and later instructions

15  deprived the defendant (petitioner) of the right to a unanimous verdict.

16  7.    The Court improperly denied each and every mistrial motion made by defendant

17  (petitioner).

18  8.  The Court improperly granted the District Attorneys unwritten, motion to continue the

19  trial for one week in the middle so that she could go on a cruise to Alaska with her husband.

20  The Court improperly limited defense counsel's argument on the issue, but allowed the

21  prosecutor to argue this same issue. Thereafter, when this was raised, defense counsel was

22  allowed "one comment" on the issue, and pointed out that such a request was prejudicial,

23  unprecedented, that no District Attorney in Yolo County would even request such a

24  continuance during trial, and no Court would typically consider granting such a request, but

25  for that her husband was one of the other Superior Court Judges and brethren to the Court.

26  9.    The Court improperly denied defendant's (petitioner's) motion to dismiss pursuant to

27  Penal Code section 1118.1. The Court failed to rule that the corpus for each and every count

28  had not been proven absent the defendant's (petitioner's) statement, allowed evidence of

9

defendant's (petitioner's) statements to be admitted prior to any evidence of corpus, erroneously ruled that corpus was unnecessary as long as it existed for one count, and later failed to adequately instruct the jury on the requirements of proof of corpus.

10.   The Court improperly instructed the jury. The Court allowed People's Special Instruction #1 which wrongfully informed the jury that they could reach a verdict of murder without unanimity, and by way of factually inconsistent theories. The Court disallowed all defense instructions on mental state, self-defense on the underlying felonies, duress, and special instructions on Battered Woman's Syndrome.

11.   The Court improperly refused to allow counsel for defendant (petitioner) to make arguments on jury instructions on the record due to an incorrect perception that counsel was late for court, and refused to allow explanation or any comment by counsel.

12.   The Court failed to admonish the District Attorney for repeated wrongful comments during closing argument, including but not limited to: (a) Arguing that there was no criminal intent required to find defendant (petitioner) guilty of first degree murder on a felony murder theory; (b) Arguing that self defense could not be a defense to the underlying felonies necessary to reach felony murder; (c) Arguing that defendant's (petitioner's) mental state was irrelevant to the charges against her; (d) Arguing that defendant (petitioner) never had an intention to help the decedent, when the prosecutor had taken the position at the Miranda hearing that defendant's (petitioner's) statement was admissible because helping decedent was the reason she gave her statement, and the Court denied the Miranda motion based on such a factual finding. The Court also wrongfully allowed the District Attorney to approach the jury with a guilty verdict form, and show it to them and go over with them how to fill it out, without showing them a not-guilty form or giving them instructions on how to fill this out.

13. The Court improperly, without prior notice, limited the time of defense counsel's closing argument. The District Attorney took 2 ½ hours in her first closing argument, (despite the Court's indications to the contrary), and the Court limited defense comments to the same. The following day the Court allowed the District Attorney over an hour additional argument,

10

and wrongfully denied defense counsel's motion to limit the prosecutor's argument to the same time as allowed the defense. The Court's comments on the limit of time on the defense counsel's argument was made in front of the jury, was prejudicial, and exemplified a bias against the defendant (petitioner) and/or her counsel at a critical time of the proceedings.

14.   The Court improperly refused to assign itself misconduct for the improper limitation of defense counsel's closing argument, and refusal to allow on the record arguments on objections, and proposed jury instructions.

15.  The Court improperly repeatedly, from voir dire through deliberations, promised jurors a conclusion to the trial that was not realistic, and which was accomplished by purposeful shortening of the defense case. The shortening of the defense case was further necessitated by the grant of the prosecutor's Alaska Cruise vacation.

16.   The Court failed to declare a mistrial and hung-jury with the original jury when they indicated they were hopelessly deadlocked.

17.   The Court failed to answer the jury's questions to the Court. The jury repeatedly questioned whether defendant's (petitioner's) mental state was an issue, and the jury was variously mis-instructed on this and other issues, or not given any clarifying instructions at all.

18.  The Court improperly adopted the prosecutor's reply to a mental state question from the jury, mis-instructing the jury that mental state should not be confused with motive, and among other mis-instructions, told the jury that defendant's fear of the decedent at the time of the acts was merely a form of motive and irrelevant to their negotiations.

19.  The Court improperly gave factual hypotheticals to the jury as a way of responding to clarification of legal issues, and the hypotheticals were unlawful, misinstructed on the law, and falsely mislead the jury as to the standards and factual findings they must make in order to reach verdicts of guilt.

20.  The Court improperly discharged several members of the original jury without good cause. The only ostensible cause was that they had scheduling conflicts the following week, and these would have been avoided if not for the Court's continued assurance to them that

11

trial and deliberations would be completed by a date certain (leaving less than two days to deliberate after a 5 week trial).

21. The Court improperly sealed a question from the jury and refused to allow counsel to have a copy or know the contents of the jury note until after a verdict was eventually reached by a new jury.

22. The Court improperly failed to declare a mistrial when the new jury repeatedly indicated it was deadlocked, including after they had all been polled and confirmed this independently and unanimously.

23. The Court repeatedly mis-instructed the second seated jury during their deliberations, and failed to appropriately respond to their repeated concerns about defendant's (petitioner's) mental state. When the jury indicated that they did not believe the defendant (petitioner) intended to do the acts that constituted the underlying felonies necessary for felony murder, they were wrongfully given a "scenario" about a scavenger hunt as a purported instruction, which led them to believe that the defendant's (petitioner's) intent was irrelevant, that self-defense was irrelevant, and that the standard of proof as to the acts constituting the underlying felonies was "strict liability. Said instruction was the equivalent to a "dynamite instruction", intended to lead the jury to believe that guilt was the only acceptable verdict, and that a hung-jury was an unacceptable outcome.

E.   SENTENCING ISSUES

1. The Court failed to grant, or even rule upon defendant's (petitioner's) motion to continue sentencing.

2.   The Court improperly sentenced defendant (petitioner) without jurisdiction on events that did not occur within the state of California, and on enhancements that were not in effect on the date of the incident for which defendant (petitioner) was convicted.

3.   The Court failed to address issues under Penal Code section 654, and sentenced defendant (petitioner) variously and repeatedly for the same act. The Court imposed separate and consecutive enhancements for discharge of a firearm during the commission of a felony, where there was only one discharge, it did not occur in California, and the Court conceded

12

1       that it could not conceive of how this could be done legally. On this issue the Court went

2       on to indicate that failure to impose such a consecutive sentence would eliminate any such

3       opportunity, and that the Court of Appeals could rectify any possible error.

4       4.  The Court failed to make required factual findings for its various sentencing decisions.

5       5.   The Court rejected probation recommendations and imposed upper-term sentences

6       without validly weighing aggravating and mitigating factors, did so arbitrarily, and out of

7       bias and/or prejudice against the defendant (petitioner).

8   F.  PROSECUTORIAL MISCONDUCT ISSUES

9       1.   The District Attorney improperly obtained defendant's (petitioner's) juvenile record

10      despite the fact that an order sealing the record previously existed. The District Attorney had

11      notice of this in that the defendant (petitioner) indicated it was sealed when she gave her

12      video-taped interview the day of her arrest. After the Court ruled that this information was

13      inadmissible because of the Order sealing the records, the District Attorney improperly

14      continued to argue "facts" and information wrongfully obtained from these records.

15      2.   The District Attorney was allowed to file an Amended Information on the eve of trial

16      based on the false representation that it added one enhancement only, and nothing

17      substantive. When it was later found that the amendment actually added numerous new

18      enhancements, new special circumstance allegations, and at least one new substantive

19      offenses, the District Attorney conceded that she was in fact adding a new substantive

20      offense, not simply a lesser included offense. Said amendment based on the mentioned false

21      representation(s) forced a wrongful continuance of the trial, trial on added allegations which

22      should not have been allowed, and deprived defendant (petitioner) of a fair and speedy trial.

23      3.   The District Attorney argued as a purported in limine motion that if defense witness

24      Alethea Jones appeared in Court to testify, she would subject herself to prosecution. The

25      Court eventually found that Ms. Jones had done nothing for which she was chargeable. The

26      District Attorney apparently instructed her detective and a District Attorney investigator to

27      go to Washington State to intimidate witness Jones, and threaten her with the filing of

28      charges and jail if she traveled to the State of California to testify unless she spoke with them

                                                13

first about her testimony. This conversation was also illegally and surreptitiously tape recorded.

G.  JUDICIAL MISCONDUCT ISSUES

1.  The Court repeatedly refused to allow defense counsel to argue on objections, or otherwise lay a record on important legal issues.

2.  The Court improperly limited defense counsel's closing argument without prior notice, and made prejudicial comments on this subject to the jury.

No other sentence is pending against Petitioner following completion of her current sentence.

WHEREFORE, Petitioner requests that this Court:

1. Issue an Order to Show Cause directed to Respondent and his attorneys, returnable before this Court, to determine why Petitioner's conviction and sentence should not be set aside;

2. Take judicial notice of the record on appeal and of all pleadings filed on direct appeal, and proceedings before this Court;

3. Grant Petitioner, who is indigent and incarcerated in a prison facility with no access to funds whatsoever, appointed counsel to represent Petitioner on this writ.

4. Permit Petitioner a reasonable opportunity within which to amend the instant Petition to include claims which become apparent from further investigation or from allegations made in the return, and to develop fully the fact and case law relevant to the claims raised herein;

5. Grant Petitioner an evidentiary hearing on the claims pleaded herein, and on any claims which are the subject of supplemental or amended petitions;

6. After full consideration of the issues raised in this Petition, vacate the judgment and sentence imposed on Petitioner in the state trial court; and

7. Grant Petitioner such further relief as is appropriate and proper in the interests of justice.

Date:                                    Respectfully submitted,

Jenelan
TEREBEA JEAN WILLIAMS
Petitioner

Jerber Jean

14

1
2
3
4
5
6

## **VERIFICATION**

7   I have read the foregoing Petition in its entirety.  The contents of the petition are true to my personal

8   knowledge, or are known to me on information and belief, and as to those matters I believe them to

9   be true.

10   Executed under penalty of perjury this __1-7-05__ Day of January, 2005, at Central California

11   Women's Facility State Prison, Chowchilla, California.

12
13                                   _Loreba Jean W_____
14                                   TEREBEA JEAN WILLIAMS
                                     Petitioner
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                     15

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare that I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. My place of employment is 814 North Street, Woodland, California.

On January 11, 2005, I served a true and correct copies of the foregoing/attached

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

by depositing them, enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Post Office at Woodland, California, addressed as follows. At the time of said mailing, there was regular communication by United States Mail between the said place of mailing and the places so addressed:

CALIFORNIA ATTORNEY GENERAL
1300 I Street   P.O. Box 944255
Sacramento, CA   94244-2550

DEBRA JACQUEZ, Warden
Central California Women's Facility, State Prison
P.O. Box 1508
Chowchilla, CA   93610-1508

FEDERAL DEFENDER
801 I Street, 3rd Floor
Sacramento, CA   95814

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States and of California.

Executed on January 11, 2005, at Woodland, California.

VICKI BENEDICT