IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEREBEA J. WILLIAMS,

    Petitioner,           No. CIV S-05-0058 LKK KJM P

    vs.

DEBRA JACQUEZ,

    Respondent.        ORDER

                              /

        Petitioner is a state prisoner proceeding pro se. On April 8, 2005, the court dismissed petitioner's petition for writ of habeas corpus brought under 28 U.S.C. § 2254 with leave to amend. Petitioner has now filed an amended petition.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

        Petitioner has not exhausted state court remedies with respect to all of the claims presented in her amended petition. Petitioner has two options. Within thirty days: (1) petitioner may file an amended habeas application omitting all claims where petitioner has failed to exhaust state court remedies; or (2) file a request to stay this action pending exhaustion of state court

remedies with respect to the unexhausted claims. Petitioner is informed that to be entitled to a stay, she must show good cause for her failure to exhaust earlier, and that the unexhausted claims are potentially meritorious. <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Petitioner's failure to comply with one of these alternatives within thirty days will result in a recommendation that this action be dismissed.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days within which to file a motion for a stay of this action pending the exhaustion of administrative remedies or an amended petition for habeas corpus wherein petitioner asserts only claims that have been presented to, and rejected by the California Supreme Court;

2. The Clerk of the Court is directed to send petitioner a form application for writ of habeas corpus under 28 U.S.C. § 2254; and

3. Petitioner's August 29, 2005 request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: January 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1/kf
will0058.103