IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEREBEA JEAN WILLIAMS,

    Petitioner,               No. CIV-S-05-0058 LKK KJM P

    vs.

DEBORAH JACQUEZ,

    Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se. Petitioner has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254.

        While it is not entirely clear, it appears as though petitioner has exhausted state court remedies only with respect to claims two and five. Petitioner has filed a motion, under Rhines v. Weber, 544 U.S. 269 (2005), asking that this matter be stayed pending exhaustion of state court remedies with respect to the other six claims presented in petitioner's amended petition.[1]

/////

/////

---

[1] None of petitioner's claims asserts actual innocence.

1

Under Rhines, a habeas petitioner must show good cause for her failure to exhaust earlier and that the unexhausted claims are potentially meritorious. Rhines, 544 U.S. at 277. In her motion for stay, petitioner asserts she did not exhaust earlier because she was not aware of the exhaustion requirement.

The court finds that petitioner has not established good cause for her failure to exhaust state court remedies. Lack of knowledge with respect to a particular rule or law rarely, if ever, provides justification for failure to comply with that rule or law. See, e.g., Ruley v. Nelson, 106 F.R.D. 514, 518 (D.C. Nev. 1985). In the habeas context specifically, ignorance of the law cannot provide a basis for excusing procedural default, e.g. Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993), and cannot provide a basis for equitably tolling the statute of limitations, e.g. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). There does not appear to be any reason to depart from the general principle that ignorance of the law cannot excuse compliance with that law in this case.

Based on the foregoing, the court will recommend that petitioner's February 6, 2006 motion for a stay be denied. The court will recommend that petitioner be provided the opportunity to file a second amended application for writ of habeas corpus in which she raises only those exhausted claims identified as claims two and five in her amended petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's February 6, 2006 motion for a stay be denied; and

2. Petitioner be given thirty days from the filing of any order adopting these findings and recommendations to file a second amended application for writ of habeas corpus in which petitioner raises only those exhausted claims included in her amended habeas petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written

1  objections with the court.  Such a document should be captioned "Objections to Magistrate
2  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
3  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
4  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED:  August 11, 2006.

                                      _____
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] will0058.157